UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) 2:08-cr-00283-RCJ-RJJ |
| vs. | ) **O R D E R** |
| MARKETTE TILLMAN, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Markette Tillman's Supplemental Brief (#318) in support of Defendant Tillman's oral request for disclosure by the Government of *Brady* material. The Court has considered the Defendants' Brief (#318) and the Government's Response (#325).

During the course of the hearing on Defendants' Motion for Preauthorization Discovery (#300), counsel for Defendant Markette Tillman raised the issue of whether, and to what extent, the Government's *Brady* obligation applies to information in the possession of the Las Vegas Metropolitan Police Department (Metro). The information at issue relates to the state prosecution of the defendants on murder charges for which they now face federal prosecution under 18 U.S.C. § 1959(a)(1) (violent crime in aid of racketeering). The Government acknowledges that there is a joint task-force that includes Metro. However, the Government argues that because the task force was formed subsequent to the state prosecution, it does not have an obligation to obtain *Brady* material from Metro that predates the date the task force was formed. Tillman argues that the Government's *Brady* obligation attaches to all of the information in Metro's possession, not just those materials in the possession of Metro officials assigned to the investigation.

At the hearing, counsel for the Government cited *United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007) to support its position regarding its *Brady* obligations. The argument is not well taken.

In *Fort*, the Ninth Circuit addressed the question of whether investigative reports prepared by a local department prior to the federal prosecutor bringing charges under the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968., were discoverable under Rule 16. The court expressly noted that it was not addressing the government's disclosure obligations under *Brady* and that "nothing in [the] opinion should be interpreted to diminish or dilute the government's *Brady* obligations." 472 F.3d at 1110-11. The issue here revolves around the prosecution's *Brady* obligations, not Rule 16. Consequently, the Ninth Circuit's decision in *Fort* adds little to the discussion.

The prosecution's duty under *Brady* requires cooperation from government agents who might possess *Brady* material. *United States v. Blanco*, 392 F.3d 382, 388 (9th Cir. 2004). The prosecution "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in a case...." *Kyles v. Whitney*, 514, U.S. 419, 437 (1995). The prosecution is not excused from disclosing what it does not know but could have learned. *Blanco*, 392 F.3d at 388 (citing *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997). As stated in *United States v. Zuno-Arce*, 44 F.3d 1420 (9th Cir. 1995) (as amended):

> Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does. That would undermine *Brady* by allowing the investigating agency to prevent production by keeping [information] out of the prosecutor's hands until the agency decided the prosecutor ought to have it, and by allowing the prosecutor to tell the investigators not to give him certain materials unless he asked for them.

44 F.3d at 1427. Here, Metro is a participant in a joint task force involved in the investigation of this case. Thus, the prosecution cannot avoid its obligation to obtain <u>all</u> *Brady* materials held by Metro, including material predating the establishment of the joint task force.

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Tillman's oral request for disclosure by the Government of *Brady* material is GRANTED.

IT IS FURTHER ORDERED that on or before July 23, 2010, the Government shall provide

. . . .

. . . .

1  the *Brady* material identified herein. Nothing in this Order shall be construed to relieve the
2  Government of its continuing discovery obligations.
3       DATED this  9th  day of July, 2010.

                                      ROBERT J. JOHNSTON
                                      United States Magistrate Judge