# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN BOOTH, REGINALD DUNLAP, JACOREY TAYLOR, and MARKETTE TILLMAN,<br>Defendants. | 2:08-cr-00283-RCJ-RJJ<br><br>**ORDER FOR COMPLEX CASE SCHEDULE PURSUANT TO LCR 16-1(a)** |

1. The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on October 28, 2008. (Docket # 1).

2. Defendants Steven Booth, Reginald Dunlap, Jacorey Taylor, and Markette Tillman, were arraigned and entered pleas of Not Guilty on November 7, 2008. (Docket # 64, 63, 62, 61(respectively)).

3. The case has been designated as complex under 18 U.S.C. §§3161 (h)(7)(A) and (B)(ii). The case presents complex and potentially novel issues of fact and law in that the Indictment charges all four Defendants with: Conspiracy to Engage in a Racketeer Influenced Corrupt Organization, in violation of Title 18, United States Code, Section 1962(d); Violent Crime in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959; Use of a Firearm during a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c) and (j); and, Conspiracy to Engage in Drug Trafficking, in violation of Title 21, United States Code, Section 846. Additionally, Defendants Taylor and Tillman are charged with Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)(iii). (Docket #1).

4. Additionally, the parties hereby agree and stipulate that Defendant Tillman must be severed and tried separately to protect his rights of cross-examination under the Sixth Amendment of the United States Constitution and as applied by <u>Bruton v. United States</u>, 391 U.S. 123, 137 (1968). Defendant Booth reserves his right to file a motion to sever.

5. To date, the government has provided initial discovery in this case that involved production of evidence which falls under Fed. R. Crim. P. 16. Discovery produced to date includes over 6,000 pages and numerous recordings.

Based on the above facts and foregoing motion, IT IS THEREFORE ORDERED:

1. <u>The Trial Date(s)</u>:

The parties agree to a trial setting on or about February 6, 2012, with calendar call to take place on or about January 20, 2012 for Defendants Booth, Dunlap, and Taylor; and, anticipate that trial will proceed for at least six weeks. For Defendant Tillman, the parties agree to a trial setting on or about April 23, 2012, with calendar call taking place on or about April 13, 2012; and, anticipate that trial will proceed for two weeks.

2. <u>The Initial Discovery Phase</u>.

The government submits that it has essentially met its discovery obligations under Fed.R.Crim.P. 16 (a)(1)(A) - (D), and shall continue to meet its obligation, to disclose and provide the following:

   a. all statements, documents, and objects, including audio and video recordings, required to be disclosed under Fed.R.Crim.P 16(a)(1)(A)-(F). Relative to documents and items described in Fed.R.Crim.P. 16(a(1)(E) and (F), the government shall permit defense counsel, upon request, to inspect and copy said documents no later than September 1, 2011;

   b. all search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial shall be disclosed to defendants no later than September 1, 2011;

   c. all police or investigative reports that relate to the charges in the Indictment shall be disclosed to defendants no later than September 1, 2011.

1    Counsel for defendants reserve the right to challenge the government's disclosures
2 described in this phase, and defendants must file discovery motions no later than November 1, 2011.
3 Responses shall be due on or by November 15, 2012.  Replies shall be due on or by December 22,
4 2011.

5    3.    The Discovery Motions Schedule To Resolve Any Discovery Disputes.

6    The parties acknowledge a duty to make good faith efforts to meet and confer with
7 each other to resolve informally any dispute over the scope, manner and method of disclosures
8 before seeking relief from the Court.  A breach of the duty to meet and confer, by either party, may
9 serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court.
10 If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties
11 propose the following discovery pretrial motions schedule:

12    a.  Pretrial Motions, including notices of any defenses under Rules 12.1, and 12.2
13    of the Federal Rules of Criminal Procedure, shall be filed on or before September 1,
14    2011.
15    b.  Responses to Pretrial Motions to be filed on or before September 15, 2011; and
16    c.  Replies to Pretrial Motions to be filed on or before September 22, 2011.

17    4.    The Second Discovery Phase

18    a.  The parties will provide their respective  notices of expert witness(es) and any
19 and    all reports and tests as required by Fed.R.Crim.P. 16(a)(1)(F )and Fed.R.Crim.P.
20    16(b)(1)(B)  on or by November 1, 2011.
21    b.  The parties will provide to each other expert witness summaries as described in
22    Fed. R.Crim.P. 16(a)(1)(G) and Fed.R.Crim.P. (B)(1)(C) or on or by November 1,
23    2011.
24    c. The government shall file its notice of enterprise evidence or evidence of similar
25    acts  on or by November 1, 2011.

26    The parties agree that any motions concerning expert witnesses or enterprise evidence
27 shall be filed on or by December 1, 2011, with responses due by December 15, 2011, and replies due
28 by December 22, 2011.

8

1   5.     <u>The Third Discovery Phase</u>

The parties propose that NO LATER THAN 10 DAYS BEFORE TRIAL:

a. the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial;

c. the government will provide to defendants all witness statements and impeachment information for those witnesses that the government intends on calling in its case in chief unless the government files a motion for a protective order at that time.

6.     <u>Supplemental Motions.</u>

The parties agree that any supplemental motion can be filed upon a showing of good cause as determined by the Court. These motions shall be based on issues unforseen to the parties at the time this agreement was filed.

Dated this 1st day of April,

_____
The Honorable Robert C. Jones
United States District Court Judge