**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cr-00283-RCJ-RJJ |
| vs. | ) | |
| | ) | |
| STEVEN BOOTH et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**I.    INTRODUCTION**

On October 28, 2008, a federal grand jury returned an Indictment charging Defendants with having engaged in a RICO enterprise, the "Playboy Bloods" street gang. Defendants Stephen Booth, Jacorey Taylor, Reginald Dunlap, and Marquette Tillman (collectively, "Defendants") have also been charged with committing a violent crime, murder, in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) and (a)(2). Those four Defendants await trial. The Attorney General has declined to pursue the death penalty against them. The other six Defendants have pled guilty to various charges, and any remaining charges against them have been dismissed. The Court recently rescheduled the trials for early 2013 due to an attorney's anticipated withdrawal. Pending before the Court are the Government's motion for the Court to reconsider its order to release certain grand jury transcripts, as well as Booth's third motion to sever.

## II. ANALYSIS

### A. Motion to Sever

Booth asks the Court to sever his trial because the Office of the Federal Public Defender ("FPD") previously represented a prospective prosecution witness, Mr. Jessie James Cooper. At oral argument on August 10, 2012, at which time the present motion was not yet before the Court, the Court indicated that it intended to deny the motion to sever, because severance would not cure the alleged conflict of interests, as it appeared the Government intended to call Mr. Cooper to testify as to certain RICO-enterprise evidence in Booth's case regardless of whether his case was severed. Based upon counsel's representation that a motion to withdraw was inevitable, the Court rescheduled the trials from late 2012 to early 2013 so that Booth could obtain new counsel in preparation for trial. For the reasons given at the August 10, 2012 hearing, the Court denies the motion.

### B. Motion to Reconsider

The Government asks the Court to reconsider its ordered release to Defendants of redacted grand jury instructions and colloquies explaining those instructions. The Government first argues that the Court's denial of Tillman's motion to dismiss undercuts Tillman's argument that the grand jury was improperly instructed. But it is possible that the grand jury was instructed contrary to the language of the Indictment or that subsequent explanation of the instructions were contrary to law. The Government's better argument is that grand jury proceedings are generally entitled to the utmost secrecy and that exceptions should be rare. *See In re Grand Jury Investigation of Hugle*, 754 F.2d 863, 863–65 (9th Cir. 1985) (Kennedy, J.) (confirming a district court's supervisory authority over a grand jury to protect non-parties' rights of privilege and remanding for analysis); *U.S. Indus., Inc. v. U.S. Dist. Court for S. Dist. of Cal., Cent. Div.*, 345 F.2d 18, 19 (9th Cir. 1965).

Defendants in this case do not seek any testimony or identifying information of witnesses

or grand jurors. They do not even seek the identity of the presenter of the case for the Government. They seek only the language of the instructions given to the grand jury and the explanations of those instructions. Although a conviction beyond a reasonable doubt by a petit jury moots as harmless any defect in a grand jury's probable cause finding, *e.g.*, *United States v. Navarro*, 608 F.3d 529, 540 (9th Cir. 2010), the denial of a motion to dismiss does not cure procedural error before the grand jury before a conviction has rendered the alleged error harmless. Nor does the denial of such a motion say anything about whether there was error in the grand jury proceedings, because a motion to dismiss on the merits presumes the indictment is procedurally valid. Trial procedures and jury instructions given at trial are independent guaranties of procedural fairness. But an indictment could issue upon erroneous instructions without correction until a verdict is read. The filing of an indictment into the docket is no guaranty of proper instructions to the grand jury, precisely because of the secrecy of the grand jury proceedings.

On the other hand, to peer into the grand jury proceedings, even in redacted format, Defendant must identify a particularized need. *See United States v. Perez*, 67 F.3d 1371, 1380–81 (9th Cir. 1995), *vacated in part*, 116 F.3d 840 (9th Cir. 1997) (en banc). A defendant cannot go "fishing" for error; he must identify a particular error and some reasonable basis for believing such error exists. The reason given here is that Defendant was not satisfied with the legal sufficiency of the Indictment, e.g., that elements were in his opinion incorrectly described or statutes incorrectly cited. He therefore suspects that the instructions and further explanations, if any, may have been in error. The Court found the Indictment to be sufficient in-and-of-itself. In summary, Defendant has not identified any particular basis for believing that the grand jury was improperly instructed. The Court will therefore reconsider release of the transcripts.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Sever (ECF No. 741) is DENIED.

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF No. 740) is GRANTED.

IT IS SO ORDERED.

DATED: This 1st day of October, 2012.

_____
ROBERT C. JONES
United States District Judge