**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cr-00283-RCJ-PAL-3 |
| vs. | ) | |
| | ) | |
| MARKETTE TILLMAN et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

On October 28, 2008, a federal grand jury returned an Indictment charging Defendants with having engaged in a RICO enterprise, the "Playboy Bloods" street gang. Defendants Jacorey Taylor and Markette Tillman (collectively, "Defendants") have also been charged with committing a violent crime, murder, in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) and (a)(2). Defendants await trial in April 2013. The Attorney General has declined to pursue the death penalty against them. The other eight Defendants have pled guilty to various charges, and any remaining charges against them have been dismissed.

When the Attorney General declined to pursue the death penalty, Defendants were no longer entitled to second counsel as of right, and the Court ordered funding for second counsel to cease. Counsel for Tillman, Attorney Grele, asks the Court to reinstate funding for second counsel because of the complexity of the present case. The Court denies the request. The right to second counsel in death penalty cases is statutory, not constitutional, and when the

Government declines to pursue the death penalty, there is no statutory right to a second attorney under the statute. *United States v. Waggoner*, 339 F.3d 915, 917–18 (9th Cir. 2003), *cert denied*, *Waggoner v. United States*, 543 U.S. 1005 (2004). The purpose of second-attorney statutes in death penalty cases is to guard against error because of the nature of the penalty, not because of the complexity of the case. *Id.* Attorney Grele's budget is already large, and he has represented to the Court that he is competent to represent Tillman in this matter. Attorney Grele must fulfill his duty of effective representation or move to withdraw if he can show good cause.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Appointment of Second Counsel is DENIED.

IT IS SO ORDERED.

DATED: This 20th day of February, 2013.

_____
ROBERT C. JONES
United States District Judge