# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:08-cr-00283-RCJ-PAL-3 |
| vs. ) | |
| ) | |
| MARKETTE TILLMAN et al., ) | **ORDER** |
| Defendants. ) | |

On October 28, 2008, a federal grand jury returned an Indictment charging Defendants with having engaged in a RICO enterprise, the "Playboy Bloods" street gang. Defendant Jacorey Markette Tillman has also been charged with committing a violent crime, murder, in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) and (a)(2). Eight Defendants have pled guilty to various charges, and one Defendant has been convicted by a jury. Tillman awaits trial.

The Court previously disappointed Attorney John Grele as Tillman's attorney. Tillman's new counsel, Attorney James Oronoz, has filed a motion asking the Court to opine on alleged conflicts of interest Oronoz may have. Oronoz notes that his co-counsel in this case, Attorney Lance Maningo, received an (apparently unsolicited) email from Attorney Grele on August 7, 2013 listing six individuals whose connection to the present case may result in some kind of conflict of interest as to some attorney. Attorney Oronoz has only identified one of those six

persons as having any connection to the present case: Genell McGilbra, a witness in the Taylor trial who is expected to testify in the Tillman trial about the same issues. Apart from that connection, Oronoz states that he has no recollection of having represented any of the six persons listed in the email from Attorney Grele, though it is possible that he did represent one or more of them in the course of his career representing criminal defendants in the North Las Vegas area. Oronoz has obtained ethics advice from the Office of Bar Counsel, which has suggested to him how he may avoid any conflict of interest if it turns out he has in fact represented one or more of these persons. Oronoz states that there is not indication any of his previous representations would be materially related to the present matter or that his representation of Tillman would be substantially limited by his responsibilities to his former clients.

The Court notes that the most obvious conflict that could arise in the present case would be in the context of cross-examination. That is, Oronoz has a duty to Tillman to impeach any witness against Tillman, but Oronoz's ability to impeach his own former client would be limited by a duty to that former client not to reveal confidential communications the former client made to Oronoz in the course of representation. Oronoz believes, according to Bar Counsel's advice, that such a conflict could be avoided by having co-counsel cross-examine such a witness while Oronoz kept to himself any such impeachment information. Assuming there were such a conflict, however, this would not cure it. On the contrary, such a situation would bring the conflict into sharp relief. Oronoz has a duty to represent Tillman competently. This duty would not be not fulfilled if Oronoz in fact had confidential information about an adverse witness that could be used to impeach the witness but nevertheless remained silent in the face of an opportunity to impeach that witness on cross-examination. On the other hand, using the confidential information to impeach the witness, which Oronoz's duty to Tillman would require, would clearly violate the duty of confidentiality to the former client/witness. The conflict could be cured, but it would have to be cured via Tillman's appropriate consent for Oronoz not to use

1  such information or by the former client's appropriate consent for Oronoz to use it.  It cannot be
2  cured, as Bar Counsel has apparently suggested, precisely by Oronoz sitting idly by and
3  permitting the prejudice risked by the conflict to materialize.
4  That is the Court's opinion, since counsel has asked for it.  It is in no way binding upon
5  the State Bar of Nevada for purposes of discipline, of course.  More importantly here, the issue is
6  unripe.  There is simply no indication of any conflict.  As Oronoz notes, he cannot recall even
7  having represented any of the six persons named in the email, much less any confidential
8  information that could be used to impeach them that he gained during such putative
9  representation.

## CONCLUSION

11  IT IS HEREBY ORDERED that the Motion (ECF No. 944) is DENIED.  The Court will
12  not issue a putatively binding advisory opinion.
13  IT IS FURTHER ORDERED that based upon counsel's representation to the Court of the
14  need to bring a confidential matter to the Court's attention, the Motion for Leave to File Under
15  Seal (ECF No. 945) is GRANTED.
16  IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge