UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARKETTE TILLMAN,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:08-cr-00283-KJD-PAL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE** |

Before the Court is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (ECF #1250). The government responded in opposition (ECF #1253) to which Defendant replied (ECF #1255).

　　I.　　Factual and Procedural Background

Defendant Markette Tillman ("Tillman") pleaded guilty to two counts of a superseding indictment: one count of Conspiracy to Engage in a Racketeer Influence Corrupt Organization, and one count of Possession with Intent to Distribute a Controlled Substance & Aiding and Abetting. (ECF #1046, at 1). The Court accepted Tillman's plea and sentenced him to 240 months as to the first count and 36 months as to the other count, to run consecutively with count 1. Id. at 2. Tillman's sentence also included a three-year term of supervised release. Id. at 3. Tillman is currently serving his sentence at USP Lompoc, has served approximately 65% of his sentence, and has a projected release date of July 13, 2030. (ECF #1250, at 2).

Tillman requests compassionate release due to the threat of COVID-19. Id. He argues that his inability to care for his own health while incarcerated, combined with his underlying health conditions, constitutes an extraordinary and compelling reason for release. Id. at 6. Tillman is 40 years old, has asthma, which requires active use of an inhaler, and is borderline obese. Id. Additionally, Tillman recently injured his knees, requiring surgery, which will force

him to spend more time in hospitals and increase his chances of contracting COVID-19. Id. The government argues that Tillman cannot show extraordinary and compelling reasons for release because he has been vaccinated against COVID-19 and likely already recovered from COVID-19 in 2020. (ECF #1253, at 5). The government also argues that the sentencing factors do not favor release. Id. at 6. Specifically, Tillman's criminal history shows a pattern of violent acts, failures to appear, and probation violations and early release would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the community, or serve any of the other goals of sentencing. Id.

## II.   Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

### III.  Analysis

The factors applicable at the time of sentencing, as enumerated in 18 U.S.C. § 3553(a) are still applicable today. Those factors include the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available and sentencing ranges established in the guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution. 18 U.S.C. § 3553(a). At sentencing, the Court noted that the sentencing range was from 360 to 480 months in prison and the plea agreement recommended 23 years, or 276 months. (ECF #1050, at 15–16). Tillman's counsel argued at the sentencing hearing that any sentence more than 23 years would be excessive compared to the co-defendants in Tillman's case. Id. at 18. The current sentence is sufficient to represent the seriousness of the offense, is at the far low end of the guidelines, and avoids sentence disparities.

The sentence is also necessary to prevent the public from future harm. The government argues in its response that Tillman's previous prison terms have not helped him rehabilitate, as he continued to commit crimes, affiliate with a gang, and violate his probation. Tillman participated in gang violence, drive-by shootings, drug dealing, and other dangerous conduct, sometimes while on probation. Tillman's dangerous conduct while on probation evidences the need for the present sentence. Early release from his sentence would place Tillman under supervised release and further violation would result in subsequent incarceration. Tillman's past violations do not give the Court confidence that he would abide by the terms if he were released. Tillman argues that he is older now, will abide by the terms of supervision, and is no longer a danger to the community. He cites three cases in which more dangerous defendants were granted compassionate release. However, the Court finds them distinguishable from Tillman's circumstances.

In United States v. Fisher, the defendant had served 38 years of a life sentence and was 73 at the time of his release in October 2020, the height of the pandemic before vaccination was available. 493 F.Supp.3d. 231 (S.D.N.Y 2020); see also Walter Pavlo, Federal Bureau of Prisons Starts Vaccination of Staff, Inmates Soon Thereafter, FORBES (Dec. 21, 2020), https://www.forbes.com/sites/walterpavlo/2020/12/21/federal-bureau-of-prisons-starts-

vaccination-of-staff-inmates-soon-thereafter/?sh=66181b30aa96 (indicating that the BOP received its first shipment of vaccines on December 16, 2020). While Fisher was alleged to have participated in multiple murders, the jury acquitted him of "the only count that required the jury to find that he had committed a violent act." Id. at 236. Fisher was at higher risk of serious illness due to COVID-19 than Tillman and was released at a different stage of the pandemic. As such, the analysis in that case was different. Similarly, United States v. Rios is inapposite. No. 3:91-cr-112-JBA, 2020 WL 7246440 (D. Conn. Dec. 8, 2020). The defendant was released at a stage in the pandemic before vaccinations were widely available and had more underlying health conditions, including "severe obesity, severe and uncontrolled hypertension, asthma and related lung ailments, and arthritis." Id. at 1. These severe underlying health issues likely outweighed the potential danger of Rios's release. United States v. Bary does not persuade the Court either. No. 98-cr-1023-LAK, 2020 WL 5946985 (S.D.N.Y. Oct. 7, 2020). Tillman argues that Bary was a member of Al Qaeda and was still granted compassionate release. While Bary was affiliated with Al Qaeda, his participation was limited to spreading propaganda in the United Kingdom, he was subject to deportation upon his release, he was scheduled to be released in fewer than 30 days anyway, and was released during the height of the pandemic before vaccination was available. Id. at 1–3. Each of the cases cited is distinguishable from Tillman's circumstances and does not persuade the Court that early release is warranted in this case. Tillman's incarceration represents the need for the sentence imposed, avoids sentence disparities with Tillman's co-defendants, and is an appropriate sentence for the nature and circumstances of the offense.

Additionally, the Court finds that extraordinary and compelling reasons do not exist to justify compassionate release. While the COVID-19 pandemic has impacted the entire world, it is not sufficient, on its own, to grant compassionate release. Tillman has one underlying health condition, is not at an advanced age that puts him at increased risk, and is located at a facility that has low COVID-19 infection numbers and high vaccination rates. As of the date of this writing, USP Lompoc, where Tillman is housed, currently does not have any positive cases of COVID-19. COVID-19 CORONAVIRUS, https://www.bop.gov/coronavirus/ (last visited April 26, 2022). In addition to no positive cases, USP Lompoc has administered full doses of the vaccine

to 315 staff members and 2,219 inmates. Id. According to the BOP, USP Lompoc currently houses 2,047 inmates. FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/lom/ (last visited April 26, 2022). The BOP has taken measures to prevent the spread of illness during the pandemic. As such, there are no extraordinary or compelling reasons to justify compassionate release.

Because the sentencing factors still apply to Tillman's full sentence and extraordinary and compelling reasons do not exist to justify his release, Tillman's motion is denied.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Modify Sentence (ECF #1250) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel (ECF #1251) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion to Seal Medical Records and PSR (ECF #1252) is **GRANTED**.

IT IS FINALLY ORDERED that Defendant's Motion to Seal Supplemental Medical Records (ECF #1254) is **GRANTED**.

Dated this 27th day of April, 2022.

Kent J. Dawson
United States District Judge